Colcock, J.
delivered the opinion of the Court.
It is conceded on all sides, that but for the use of the word “survjvorgj> ;n (.^e devising clause, the limitation over would have been void, as being after an indefinite failure of issue; and therefore any observations on that point are rendered unnecessary. I shall only refer to a late case, decided by this Court, which fully explains and maintains that doctrine, vide Henry v. Felder, 2 M’C. Ch. 323. We are then to consider the effect of the word “ survivors” as used in this clause. I am aware that there are those, and some very eminent and distinguished men, who are of the opinion, that Courts of Justice should not encourage limitations of personal property; because every limitation, it is said, is a perpetuity so long as it lasts. But it is clear that such limitations are permitted; and with all deference to these distinguished jurists, and for the learning and ability, of one of them, Chancellor Kent, I entertain the highest veneration, I cannot help thinking that in some cases it is indispensably necessary, that this power of limiting personal property should be exercised. One may have a child who is careless of property, or regardless of its value, and to whom of course it would not be proper to give absolutely ; or a case may occur, where improper attachments may exist, which might cause the property to go in a direction contrary to the wish of a parent : and in these, and such like cases, it would be proper to give only a life estate, with proper limitations over. Indeed in the present day, I might add, that there is not that reason for some of the distinctions which the law makesbetween real and personal property, in this respect; and that all the reasons, which can be urged why the former may be limited,' will apply with equal force to the latter. I take it, however, that wherever it is evidently the intention of the testator to create a limitation upon the happening of any event, and that event is within the prescribed limits, which have been wisely affixed to them by the long established rules for preventing perpetuities, it is the duty of Courts to give effect to the intention of the testator, if possible. It is a mockery to say to one, you may make your will, but it must be made in conformity with certain rules, about which you know nothing; or, in other words, we will give a construction to your expressions which you never dreamed of.
As the question in this case depends on construction, it is to be expected that a difference of opinion may have existed in relation to it, as to the effect of the word survivor in restricting the generality of the words, “ dying without lawful issue,” to the time of the death of the first taker; but I have come to the conclusion, after a tedious research, and close examination of all the cases which I have been able to find, that we are warranted in the determinations which we have heretofore made on this point: and that in the present case the testator intended a personal benefit to those of his children, who should survive any one, “ dying without lawful issue,” and consequently did not intend to create a perpetuity; and therefore that it. *45 is not a limitation over, after an indefinite failure of issue, butone confined to a failure of issue at the time of the death of his daughter Mary, the first taker. Mr. Fearne, to whoinTalwaysrefer wilh'greatpleasure on these subjects, in treating on the rule, and the reason of the rule, which limits the period within which a limitation is valid, after putting many cases by way of illustration, remai ks, “ In all the foregoing instances, wo may observe, the contingency was confined to the compass of a life in being ; and it is just the same thing, if the ex-ecutory devise be limited to take effect within the compass of several lives in being, for whatever may be the number of such lives, the whole period can amount to no more than the life of the survivor of them.” Butler’s Fearne, 431, 2. In the language of Twisden, J. “the candles are all lighted at once.” Salk, 229. In anotherplaceMr. Fearne says, “ Indeed with respect to executory devises of terms for years or other personal estates, the Court of Chancery has very much inclined to lay hold of any words in the will, to fie up the gen-' erality of the expression, dying without issue, and confine it to dying without issue living at the time of the persons decease.” Ib. 471. And in illustration of this he refers to two cases in point. Hughes v. Sayer, 1 P. Wms. 534, where C. having two nephews, A. and B. devised the surplus of his personal estate to them, and if either of them should die without children then to the survivor; and it was held, that dying without children must in this case be taken to be dying without children then living, because the immediate limitation over was to the surviving devisee. The case of Nicholls v. Skinner, Chanc. Prec. 108, as stated by him, is almost in words the case before us. A devised'poitions to his four children, payable at their respective ages of 21, or marriage, and in case any of them should die before the time of payment, or without issue, then his or their portion to go to the survivors, or survivor, and hisheirs : and it was held, that this could not be a dying without issue generally, but so as the survivor might take ; which must be during the life of some one of them, and so was good. But it is said by the Master of the Rolls, Sir Wm. Grant, in the case of Massey v. Hudson, 2 Merivale, 134, 5, that on comparing the report of this case with the register’s book, he found it had been wholly misrepresented ; and that it was an authority for him in the case of Massey v. Hudson, making however a distinction which cannot affect this case, as I shall-show when I come to comment on that case. It is, under the view which Mr. Fearne took of it, a case directly in point. So in Lampley v. Blower, 3 Atk. 396, where the testatrix gave to her two nieces F. and L. each one half of the produce of bank stock, and to their issue, and if either of them should happen to die before the legacy became due to her, and leave no issue, the share of her so dying should go to the survivor; the words, and leave no issue, were construed “leave no issue living at the time of her death.” Mr. Butler, in a note to these cases, adds another which he says had been decided since Mr. Fearne wrote, but decided on an opinion given by him. It is the case of Roe v. Scott and Smart, Easter Term, 27 Geo. 3 ; and it is a case too relating to land, where the inclination of the courts is to consider the limitation indefinite. Testator devised lands to his *46 son James, to hold, to him and his heirs and assigns forever; and other lauds in like manner to his son John ; and other lands in like manner to his son Thomas; and then added that his will and mind was, that if either of his three sons should depart this life, without *ssue of bis or their bodies, then the estate, or estates, of such sons should go to the survivors, or survivor: and it washeld, thatthedevise to Thomas did not give him the fee, but an estate tail, which descended to his daughter, and upon her decease, without issue, the estate went over to James the then survivor of the three brothers, and not .to the heirs of the said daughter, to whom James was only related of the half blood.
The next case which I refer to in support of this construction, is the famous case of Wilkes v. Lion, 2 Cowen, 333, on the construction of the will of MedcefEden, which had been considered in the case of Anderson v. Jackson, 16 Johns, 382, and that string of cases decided in 'New York, in support of the ultima'e decision. I am aware of the great authority of Chancellor Kent’s opinion, who was opposed to that decision; but after an attentive examination of the cases, I think he has for once erred in his conclusion, and has most strangely overlooked the word “ survivor” in the clause which was the subject of consideration. The case was decided' on the single circumstance of the word survivor, which necessarily limited, as the Court said, the failure of issue to a life in being : and the Court and the counsel all agreed, that if the limitation had been on a mere failure of issue, without the use of the word survivor, it would have been void as being a limitation on an indefinite failure of issue, and so tending' to a perpetuity.
The case of Massey v. Hudson, 2 Merivale, 130, I consider an authority as much in point as any other referred to: for the ground on which the Master of the Rolls puts the case is, that the word survivor is followed by the words his or her executors, administrators, or assigns; and for that reason he decided that the bequest over was too remote. “ A bequest to A.” he ^remarks, “after the death of B. does not import that A. must himself live to receive the legacy. The interest vests at the death of the testator, and is transmissible to representatives, who will take whenever the event of B.’s death may happen. So if the bequest be to A., in case B. shall die without issue. If that were allowed to be a good bequest, A’s representatives would be entitled to take, at whatever time the issue might fail. It is for that reason that it is held too remote. But if A. is personally to take the legacy, then the presumption is strong that an indefinite failure of issue could not be in the testator’s contemplation. Primafacie, a bequest over to the survivor of two persons, after the death of one without issue, furnishes this presumption; for it will be intended that the survivor was meant individually, and personally, to enjoy the legacy, and not merely to take a vested interest, which might, or might not, be accompanied by actual possession. For, if the survivorship be necessary only to vest the interest, and to render it transmissible, the objection of remoteness is not all obviated, and the restrictive presumption does not arise. Now the addition of the words “ executors, administrators and assigns” excludes the presumption, that it *47 ■was a mere personal benefit that was intended for the survivor. For although there should be no such failure of issue as would enable him personally to take, yet his representalives would be entitled to claim in his right, whensoever the failure of issue should happen.” This conclusion, at which the learned Judge arrives, reduces the devise over to the common case, put in the books, t(o shew that such limitation over is void. - He goes on to apply the objection to the case of Nicholls v. Skinner, in which the word survivor is followed by the word heirs, which, he says, so completely excl ides the idea of a mere personal benefit to the survivor, that it fails to produce the restrictive effect; and he further states that the case is misreported. This case I consider as a valuable one, since it clearly admits, thatif we can arrive at the conclusion, that a personal benefit was intended,' it is enough to give the restrictive efficacy to the word survivor.
I will not go so far as to say, that I am satisfied with this reasoning as applicable to all cases of survivorship, when there are more than.two ulterior legatees; but as it is put on the ground of intention, I do not hesitate to adopt it, for I am satisfied, that such is the intention of testators, in all cases of a limitation over on a dying without issue : and the authorities taken with this, and the rule of intention, will warrant us in coming to the conclusion in this case, that the limitation over is good. But we have in fact decided this case in deciding that of De Treville v. Ellis, there being no possible ground of distinction between the words used in the will in that case, and the one now before the court; and in that case we held the limitation over to be good.
It only remains to turn our attention to the Chancellor’s decree, which will be found to rest on a case that cannot possibly support it, under any view which has ever been taken of the point. He relies ón the case of Barlow v. Salter, 17 Ves. 479, in which there is a most obvious and striking difference from the case under consideration, and one on which the Master of the Rolls makes a clear distinction. The testatrix bequeathed to her daughter, in the following terms: “ all my estate real and personal of every sort and kind, to her and her heirs, and half the navigation money for her natural life; and in case she dies without issue, all to be divided between my four nephews and nieces, Nathaniel Barlow, of Colchester, William, Cátharine, Elizabeth, all at Writtle in the County of- Essex: Catharine’s part only for life ; and her part to be divided between the survivors,” The case turned on the last words giving a life estate to Catharine, and then to the survivor of the legatees over. Now it'is some times taken as a circumstance of restriction, that a life estate only is given to the legatee over, who is to take at the death of the first legatee; because, for the reason before alluded to, it is clearly a case in which a personal benefit is intended : but, as the Master of the Rolls observes, that is a very different case from a limitation over, at all events, to four, three of whom are to take a transmissible interest. Their representatives would be capable of taking, at whatever period of time the failure of issue might happen. “ Their rights, even to Catharine’s fourth, would not” he remarks,- *48 “ depend on their being alive at her death; for the word “ survivors,” as here used, has the same sense as the word “ others,” as has been frequently decided. The whole property goes over upon failure of the issue of the daughter, whether Catherine shall be then living, or ^ea(^- How then can the giving her a life interest in the part shew an intention to use the words “ dying without issue” in any restricted sense ? When nothing but a life interestis given over, the failure of issue must necessarily be intended a failure within the compass of that life : but where the entire interest is given over, the mere circumstance, that one taker is confined to a life interest, furnishes no indication of an intention, to make the whole bequest depend upon the existence of that person at the time when the event happens, on which the limitation over is -to take effect.” He therefore decided that the devise over was too remote. As this is the only case relied on in the decree, I presume it was a decision on circuit, in the hurry of business ; for the same learned Chancellor decided the oase of De Treville v. Ellis.
ante p. 40.
Elmore, for the motion.
H. A. De Saussure, contra.
Upon the whole we are of opinion that the devise over is good, and that the decree must be reversed, and the bill dismissed with costs.

Decree reversed,.